UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RAY CREDEUR**                          **CASE NO. 2:22-CV-04425**

**VERSUS**                                  **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO ET AL**     **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 20] filed by defendants under Federal Rule of Civil Procedure 12(b)(6). The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from alleged damage to plaintiff's home at 206 ½ Pelican Street, Sulphur, Louisiana, in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. Plaintiff, who was then represented by attorneys with the firm of McClenny Moseley & Associates, PLLC ("MMA"), filed suit in this court on August 25, 2022, raising claims of breach of insurance contract and faith against the following entities: State Farm Fire and Casualty Company ("SFFC"), State Farm General Insurance Company ("State Farm General"), and State Farm Mutual Automobile Insurance Company ("State Farm Auto"). Doc. 1.

The court stayed all suits filed by MMA in October 2022, after concerns of misconduct by those attorneys began to arise. Doc. 4. On July 12, 2023, new counsel enrolled for plaintiff. Doc. 17. Defendants now move to dismiss the claims against State

Farm General and State Farm Auto, attaching a copy of plaintiff's policy to show that it was SFFC that insured plaintiff's property and is the only proper defendant in this suit. Doc. 20. Plaintiff has not responded to the motion and his time for doing so has passed. The motion is therefore regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## B. Application

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

The insurance policy attached to defendants' motion is referenced in and central to the complaint. Accordingly, it is within the scope of the court's review under Rule 12(b)(6). This policy shows that it was SFFC, and not State Farm General or State Farm Auto, that insured plaintiff's property on the alleged date of loss. *See* doc. 20, att. 3. Plaintiff does not articulate any other basis on which State Farm General or State Farm Auto could be liable for his claims. Accordingly, SFFC is the only proper defendant in this suit and the claims against the other two will be dismissed.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 20] will be **GRANTED** and the claims against State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 30th day of January, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE